UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JACQUELINE G. FERRER,**

      **Plaintiff,**

v.                                                             Case No: 6:23-cv-2006-PGB-DCI

**DAVID ARAUJO and SERVICE**
**FEDERAL CREDIT UNION,**

      **Defendants.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motions:

- Defendant Service Federal Credit Union's Motion for Extension of Time to Respond to the Complaint (Doc. 14);

- Plaintiff's "Motion and Order to Strike" (Doc. 20); and

- Defendant Service Federal Credit Union's Amended Motion for Extension of Time to Respond to the Complaint (Doc. 22).

On November 21, 2023, Defendant Service Federal Credit Union (Defendant) filed a motion seeking an additional 20 days—until December 11, 2023—to file a response to the Complaint. Doc. 14. In that motion, Defendant asserted that it attempted to confer with Plaintiff by telephone pursuant to Local Rule 3.10(g), but Plaintiff was unavailable. Doc. 14 at 3. Defendant asserted that it would continue to attempt to confer pursuant to Local Rule 3.01(g)(3)

and "supplement this certification if necessary." [1] *Id*. Three days passed, and Defendant failed to supplement. Thus, the motion was due to be denied on that basis.

On November 11, 2023, Plaintiff filed a motion to strike Defendant's motion. Doc. 20. In Plaintiff's motion, Plaintiff seeks to strike Defendant's motion pursuant to Federal Rule of Civil Procedure 12(f), but that Rule applies to pleadings, not motions. Regardless, Plaintiff's motion lacks merit. If Plaintiff seeks to oppose a motion, Plaintiff must file a response in opposition pursuant to Local Rule 3.01. Further, in the Local Rule 3.01(g) certification, Plaintiff alleges that Defendant's counsel was unavailable for conferral. Doc. 20 at 8. Plaintiff asserts that she will follow up and "supplement this certification if necessary." *Id*. Three days passed, and Plaintiff failed to supplement. Thus, the motion was due to be denied on that basis. Plaintiff also failed to sign the motion. *Id*. at 8-9.

On November 27, 2023, Defendant filed an amended motion again seeking an additional 20 days—until December 11, 2023—to file a response to the Complaint. Doc. 22. In that amended motion, Defendant asserted that it conferred with Plaintiff by telephone pursuant to Local Rule 3.10(g), but Plaintiff would not consent to the motion. Doc. 22 at 3.

Defendant's response to the Complaint was actually due on November 21, 2023—the date Defendant filed its first motion. This is poor practice on the part of Defendant. Filing a motion on the date of a deadline makes no allowance for either a response to the motion or its denial. And

---

[1] Local Rule 3.01(g)(3) reads as follows: "If the opposing party is unavailable before the motion's filing, the movant after filing must try diligently for three days to contact the opposing party. ***Promptly after either contact or expiration of the three days, the movant must supplement the motion*** with a statement certifying whether the parties have resolved all or part of the motion." (emphasis added). Defendant seems to be confused about whether supplementation is "necessary"—supplementation is always necessary, either after the expiration of three days or upon contact. If three days of attempted contact pass with no success, a party must inform the court of that effort by supplement.

a motion for an extension does not toll the time to respond. Further, if the Court were to wait 14 days for Plaintiff's response to the amended motion, the request would practically be moot. Further, the Court feels that it understands Plaintiff's position on Defendant's request—both through reviewing Plaintiff's motion to strike (Doc. 20) and Plaintiff's most recent filing (Doc. 23).[2]

Considering the merits of the amended motion and the procedural history of this case, the amended motion is due to be granted in part. Defendant will be given 14 days to respond to the Complaint—with a new deadline of December 5, 2023. All parties are cautioned to comply with the Local Rules of this Court and heed this Order.

Accordingly, it is **ORDERED** that:

1. Defendant Service Federal Credit Union's Motion for Extension of Time to Respond to the Complaint (Doc. 14) is **DENIED as moot**;

2. Plaintiff's "Motion and Order to Strike" (Doc. 20) is **DENIED**; and

3. Defendant Service Federal Credit Union's Amended Motion for Extension of Time to Respond to the Complaint (Doc. 22) is **GRANTED in part** as stated in this Order and **DENIED** in all other respects.

**ORDERED** in Orlando, Florida on November 29, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] Though the undersigned is not considering the merits of this filing, Plaintiff's request for default therein makes clear that Plaintiff is opposing Defendant's request for an extension to respond and seeking default based on Defendant's lack of a response.